AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

**FILED**
March 05, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____APV_____
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Luis Ramon BATISTA Romero (1) | ) | Case No. EP: 25-M-878-MAT |
| Jean Carlos CHAVEZ Gutierrez (2) | ) | |
| Luis Daniel CASTILLO Perozo (3) | ) | |
| Bruno Emilio CASTILLO Colmenarez (4) | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 5, 2025__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 111 (Felony) | Assaulting, resisiting, or impeding certain officers or employees BATISTA Romero & CHAVEZ Gutierrez physically assaulted a federal contract detention officer during the performance of the officers offical duties. |
| 18 USC 111(Misdemeanor) | Assaulting, resisting, impeding certain officers or employees CASTILLO Perozo and CASTILLO Colmenarez forcibly resisted, impeded, and obstructed a federal contract detention officer during the performance of the officers offical duties. |

This criminal complaint is based on these facts:

I further state that I am a Department of Homeland Security, Immigration and Customs Enforcement, Office of Professional Responsability Special Agent and this complaint is based on the facts stated within the attached affidavit:

☑ Continued on the attached sheet.

_____
Complainant's signature

George Fernandez, Special Agent
Printed name and title

telephonically
Sworn to ~~before me and signed in my presence~~.

Date: __03/05/2025__ at 6:39 p.m.

_____
Judge's signature

City and state: __El Paso, Texas__

Miguel A. Torres, U.S. Magistrate Judge
Printed name and title

Affidavit

On February 7, 2025, U.S. Immigration and Customs Enforcement (ICE), Office of Professional Responsibility El Paso, Texas, received information indicating several illegal aliens detained in dormitory 8B at the El Paso Service Processing Center (EPSPC) in El Paso, Texas were involved in a disturbance on February 5, 2025. The EPSPC is located within the Western District of Texas.

A review of video recordings of the disturbance and EPSPC staff interviews revealed detainees demanded to speak to ICE personnel to ask about their detention status and the reason the water was not working. EPSPC staff addressed their questions and repeatedly directed all detainees to go to their beds. A call for officer assistance was requested over the radio because detainees refused to go to their beds until they spoke to ICE, some detainees became belligerent, and some detainees began lifting their beds and slamming them on the floor. A series of separate but nearly simultaneous incidents ensued involving federal Contract Detention Officers (CDOs) engaged in or on account of the performance of their official duties and detainees Luis Ramon BATISTA Romero, Luis Daniel CASTILLO Perozo, Jean Carlos CHAVEZ Gutierrez, and Bruno Emilio CASTILLO Colmenarez.

BATISTA Romero:

CDO LC stated he approached and advised detainee BATISTA Romero that detainees were not allowed to wear jewelry at the facility. CDO LC offered to place the earring with BATISTA Romero's personal property, but BATISTA Romero began to walk away. CDO LC said he attempted to restrain BATISTA Romero, but BATISTA Romero turned around and attempted to strike CDO LC. CDO LC said BATISTA Romero grazed him, became non-complaint, physically resisted, and was belligerent with CDO LC as he issued verbal commands to comply. CDO LC said CDOs AV and ADLR assisted but BATISTA Romero did not allow the CDOs to gain control of his hands and arms. CDO LC said BATISTA Romero swung his arms and hands wildly to escape and prevent CDO's from restraining and escorting BATISTA Romero out of the dormitory.

CDO AV said BATISTA Romero swung and assaulted him by making physical contact on the right temple area of his face. CDO AV stated BATISTA Romero's strike broke his glasses and caused an abrasion on his skin. CDO AV stated BATISTA Romero struck him once more during their struggle to restrain BATISTA Romero. CDO AV reported the CDOs and BATISTA Romero fell through the middle of a bunk and ended up on the opposite side on the floor during their struggle with BATISTA Romero. As BATISTA Romero began to comply, CDO ADLR was left alone with BATISTA Romero. CDO ADLR stated he left BATISTA Romero unattended to assist CDO HM who appeared to be in distress and was asking for help. BATISTA Romero walked away and was later found in the corner of the dormitory in a bunk.

CDO AV stated he and CDO ADLR approached BATISTA Romero who was in a bunk and requested that BATISTA Romero go with them to the processing area. CDO AV

stated BATISTA Romero said they were not going to take him, made himself into a ball, cornered himself further into the bunk, grabbed onto the rails, and started kicking to create distance to prevent the CDOs from getting to BATISTA Romero. BATISTA Romero was taken out of the bunk and onto the floor where he physically resisted and remained combative. BATISTA Romero subsequently complied with CDOs, was restrained, and was escorted out of the dormitory.

BATISTA Romero was provided with a Statement of Rights form in the Spanish language. BATISTA Romero read his rights, signed he understood them, and agreed to make a statement without the presence of an attorney. BATISTA Romero made the following non-verbatim statements. BATISTA Romero stated he knew it was against the rules to wear an earring but decided to wear it anyways. BATISTA Romero admitted to unintentionally striking the officer and resisting. BATISTA Romero stated he regrets his actions and apologized.

CHAVEZ Gutierrez:

As CDO AV attempted to restrain BATISTA Romero, CDO AV stated he was kicked on his back and triceps area. CDO AV stated he turned around and observed detainee CHAVEZ Gutierrez behind him raising his leg as if he was going to kick. CDO JA stated he witnessed CHAVEZ Gutierrez assault CDO AV by kicking and making physical contact on CDO AV's back. CDO AV stated he directed CHAVEZ Gutierrez to come to him, but CHAVEZ Gutierrez refused and walked away. Several CDOs, including CDOs AV and JA, apprehended CHAVEZ Gutierrez but he physically resisted and did not comply with CDO commands to surrender his arms and hands. After a struggle, CHAVEZ Gutierrez complied and CDOs were able to restrain CHAVEZ Gutierrez and escort him out of the dormitory.

CHAVEZ Gutierrez was provided with a Statement of Rights form in the Spanish language. CHAVEZ Gutierrez read his rights, signed he understood them, and agreed to make a statement without the presence of an attorney. CHAVEZ Gutierrez made the following non-verbatim statements. CHAVEZ Gutierrez admitted kicking the officer but did not realize he had struck the officer. CHAVEZ Gutierrez stated he did not intend to hurt any officer. CHAVEZ Gutierrez admitted he resisted officers because he did not want to be taken to jail.

CASTILLO Perozo:

As CDOs attempted to restrain BATISTA Romero, CDO HM stated she verbally directed detainee CASTILLO Perozo to go to his bed as he walked in the direction of the CDO's who were attempting to restrain BATISTA Romero. CDO HM reported CASTILLO Perozo refused repeated commands to comply and stated CASTILLO Perozo repeatedly said CDOs were not going to take BATISTA Romero. For the safety of the CDOs attempting to restrain BATISTA Romero, CDO HM said she positioned herself in between them and directed CASTILLO Perozo to go to his bunk. CDO HM said CASTILLO Perozo refused and walked into her. CDO HM said she attempted to

restrain CASTILLO Perozo, but he physically resisted and refused commands to comply. CDO HM stated CASTILLO Perozo and several other CDOs attempting to restrain CASTILLO Perozo fell to the ground. CDO HM reported CASTILLO Perozo fell on top of her, pinned her arm, and did not allow her to remove it. CDO HM stated CASTILLO Perozo continued to refuse orders and physically resisted the CDOs attempts to gain control and restrain him. CASTILLO Perozo subsequently complied with CDOs, was restrained, and was escorted out of the dormitory.

CASTILLO Perozo was provided with a Statement of Rights form in the Spanish language. CASTILLO Perozo read his rights, signed he understood them, and agreed to make a statement without the presence of an attorney. CASTILLO Perozo made the following non-verbatim statements. CASTILLO Perozo said he got close to the CDOs attempting to restrain his friend because he wanted to separate them and help his friend. CASTILLO Perozo stated it was not right of him to get close and admitted he physically resisted because he did not want to be arrested. CASTILLO Perozo says he regrets trying to help the detainee and if roles were reversed, he would have interfered to protect his partner.

<u>CASTILLO Colmenarez:</u>

As CDOs attempted to restrain BATISTA Romero, CDO UM stopped detainee CASTILLO Colmenarez as he walked in the direction of BATISTA Romero. CDO UM said he believed CASTILLO Colmenarez posed a potential threat to the CDOs attempting to restrain BATISTA Romero because CASTILLO Colmenarez had a closed fist, refused to move back when directed, and repeated, let him go in Spanish. A bunk separated BATISTA Romero and CASTILLO Colmenarez when CDO UM stopped and restrained him by the arms. As CDO UM and another CDO were escorting CASTILLO Colmenarez away from the area by his arms, CASTILLO Colmenarez wiggled himself loose, turned around, and struck CDO UM in the face with his hand. CDO UM said CASTILLO Colmenarez refused orders to come to him and ran between other detainees and the bunks to avoid being apprehended. With the assistance of other CDOs, CDO UM stated they surrounded CASTILLO Colmenarez, attempted to restrain him, but he physically resisted before they all fell to the ground. CDO UM said CASTILLO Colmenarez remained combative, clenched his hands together, wiggled his arms, and swung his elbows to avoid being restrained. CASTILLO Colmenarez subsequently complied with CDOs, was restrained, and was escorted out of the dormitory.

CASTILLO Colmenarez was provided with a Statement of Rights form in the Spanish language. CASTILLO Colmenarez read his rights, signed he understood them, and agreed to make a statement without the presence of an attorney. CASTILLO Colmenarez made the following non-verbatim statements. CASTILLO Colmenarez stated he was feeling frustrated because of the chaos in the dormitory. CASTILLO Colmenarez stated he made his way to the detainee because he wanted to see what was happening. CASTILLO Colmenarez stated an officer approached him, escorted him away, and advised he was going to handcuff CASTILLO Colmenarez. CASTILLO

Colmenarez admitted escaping from the CDO and physically resisting because he did not know why he was going to be handcuffed.